

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Stacy Patterson v. AFSCME #2456

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Stacy Patterson v. AFSCME #2456" (2009). *2009 Decisions.* Paper 1677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2597
_____

STACY ANN PATTERSON,

Appellant

v.

AFSCME # 2456

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:07-cv-00965)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2009)
_____

OPINION
_____

PER CURIAM

Stacy Ann Patterson appeals <u>pro</u> <u>se</u> from a May 14, 2008, District Court order

entering summary judgment against her. For the reasons that follow, we will affirm.

## I. Background

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis. Patterson is a former Pennsylvania state employee who worked as an Information Technology Technician for the Pennsylvania Office of the Inspector General ("OIG"). She allegedly suffers from two neurological conditions: hydrocephalus, which impacts her vision, and post concussion syndrome, which interferes with her short term memory and her ability to multitask. She was terminated from her position with the OIG in October 2002, ostensibly for performance-related reasons.

In May 2007, proceeding pro se, she initiated a civil action against her former union, the American Federation of State, County and Municipal Employees ("AFSCME") Local #2456. She claims that individuals at AFSCME knew of her medical conditions and, during the course of representing her in various employment-related grievances against the OIG,[1] unlawfully discriminated against her on account of her disabilities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and its state-law equivalent, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. §§ 951 et seq. She also claims she suffered retaliation under Title VII of the Civil

---

[1] Beginning in 2001, AFSCME apparently filed at least eight grievances on Patterson's behalf, concerning such issues as Patterson's performance evaluations and performance-related reprimands, alleged harassment suffered by Patterson, Patterson's job classification and failure to promote, and Patterson's October 2002 termination.

Rights Act of 1964, 42 U.S.C. §§ 2000e-1 et seq.[2]

AFSCME moved for summary judgment and Patterson opposed the motion. The District Court concluded that Patterson failed to establish a prima facie case of disability discrimination under the ADA or the PHRA, or of retaliation under Title VII. It therefore granted summary judgment in AFSCME's favor. Patterson has pursued a timely appeal.

## II. Analysis

We exercise plenary review over the District Court's grant of summary judgment in favor of AFSCME, and review the facts in the light most favorable to Patterson. See Roberts v. Fleet Bank, 342 F.3d 260, 264 (3d Cir. 2003).

As an initial matter, the District Court determined that Patterson's claims are limited by the statute of limitations. Under the ADA and Title VII, a complainant has 300 days from the alleged unlawful employment practice to file a charge of employment discrimination with the EEOC where, as here, the complainant initially filed a complaint with a state or local agency with authority to grant relief for such unlawful practices.[3] See 42 U.S.C. § 12117(a); § 2000e-5(e)(1). There is no dispute that Patterson initially

---

[2] Patterson's briefs discuss extensively discrimination by the OIG that she allegedly suffered, including failure to properly accommodate her disabilities, denial of training, failure to promote, and sexual harassment. Although these allegations underlie many of the grievances that AFSCME filed on Patterson's behalf, we need not address them in detail because they do not directly implicate AFSCME.

[3] The statute of limitations is shorter under the PHRA; claims must be filed within 180 days after the alleged act of discrimination. See 43 Pa. C.S. § 959(h). However, the District Court considered Patterson's claims under the ADA's more generous statute of limitations.

3

filed her claim with the relevant Pennsylvania agency (as well as the EEOC) on January 12, 2004. Thus, the District Court held that the statute of limitations barred it from considering any allegedly discriminatory conduct taking place more than 300 days prior – i.e., before March 19, 2003.

In response, Patterson argues that AFSCME's conduct prior to March 19, 2003, is "crucial to support her claims," that AFSCME invoked the statute of limitations "just so that it could hide its acts," and that AFSCME engaged in "a pattern of discriminatory behavior." To the extent Patterson is attempting to argue that AFSCME's post-March 19, 2003, conduct is a continuation of a course of discriminatory conduct that began prior to that date, we note that the Supreme Court has held that "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" that may start a new limitations period for filing a charge. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Patterson raised allegations concerning AFSCME's pursuit of at least eight separate grievances, and all but two of these grievances were disposed of before the March 19, 2003, limitations date.[4] These discrete, individually-actionable instances of alleged discrimination were not

[4] The final two grievances - concerning Patterson's suspension and termination from her position with the OIG - were consolidated. Although they proceeded to a first-step hearing in February 2003 (prior to the limitations date), the second-step and third-step hearings took place after the limitations date. With regard to these grievances, Patterson's claim is that AFSCME should have pursued her claims beyond the third-step hearing by seeking arbitration, but failed to do so. This claim survives the statute of limitations.

4

raised within the applicable limitations period, and are therefore time-barred. See

O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).

Under certain circumstances, equitable tolling of the statute of limitations may be

appropriate and may bring otherwise time-barred activity under the court's consideration.

For instance, equitable tolling may be permitted "when a claimant received inadequate

notice of her right to file suit, where a motion for appointment of counsel is pending or

where the court has misled the plaintiff into believing that she had done everything

required of her," or when plaintiff "in some extraordinary way" was prevented from

asserting her rights. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d

Cir. 1999). Patterson failed to set forth any basis for the application of equitable tolling,

and our review of the record reveals none. We therefore find no error in the District

Court's determination limiting Patterson's claims to actions alleged to have occurred after

March 19, 2003.

The District Court next assessed whether Patterson's surviving allegations were

sufficient to raise a prima facie case of disability discrimination. To make a prima facie

case, Patterson was required to demonstrate that she (1) is disabled within the meaning of

the ADA; (2) can perform the essential functions of her job with or without reasonable

accommodations; and (3) suffered an adverse employment action as a result of

discrimination based on her disability.[5]  Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000); Gaul v. Lucent Tech. Inc., 134 F.3d 576 (3d Cir. 1998).  The District Court held that Patterson failed to establish both the first and third prongs of her prima facie case.

We first will consider the District Court's determination that Patterson failed to establish the third prong – that she suffered an adverse employment action as a result of discrimination based on her disability.  Patterson claimed that AFSCME discriminated against her after March 19, 2003, when it failed to pursue two pending grievances to arbitration on her behalf.  The District Court concluded that Patterson failed to show that AFSCME's actions were because of discrimination based on her disability.  To the contrary, the record established that AFSCME was prohibited from pursuing Patterson's grievances to arbitration because it was barred from doing so by the relevant procedures.

There is no dispute that AFSCME pursued Patterson's grievances through a third-step grievance hearing.  In addition, there is no dispute that the procedures set forth in AFSCME's governing collective bargaining agreement provide that arbitration is available after a third-step grievance hearing only where the third-step grievance hearing results in a deadlocked decision.[6]  In Patterson's case, the third-step grievance hearing did

---

[5] The analysis of Patterson's ADA claim applies equally to her PHRA claim, as Pennsylvania courts interpret the PHRA in accord with the ADA.  See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

[6] The collective bargaining agreement, appearing in the record as Exhibit A to the affidavit of AFSCME director Michael Fox, provides that "[a]n appeal from a deadlocked decision at Step 3 may be initiated by the Union."

not result in a deadlock. Rather, there is no dispute that the third-step grievance hearing yielded a unanimous decision denying Patterson's grievances. Thus, the record demonstrates that there was no disputed issue of material fact concerning whether AFSCME was contractually barred from pursuing arbitration on Patterson's behalf. The District Court did not err in concluding that, as a result, Patterson failed to show that AFSCME's failure to pursue arbitration was a result of discrimination based upon her disabilities.

To fulfill the first prong of her discrimination claim, Patterson was required to demonstrate that she qualifies as "disabled" by virtue of: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) that she is regarded as having such an impairment. 42 U.S.C. § 12102. Largely because of her repeated references to a "perceived disability," the District Court considered only whether Patterson showed that AFSCME regarded her as disabled, and concluded that she did not. On appeal, Patterson contends that this was error, arguing that she met the first definition of disabled; i.e., that she showed that she has "a physical or mental impairment that substantially limits one or more major life activities." However, because we will affirm the District Court's conclusion that Patterson failed to establish the third prong of her prima facie discrimination claim, we need not address this issue.

Next, the District Court considered Patterson's Title VII claim. Title VII prohibits

7

discriminatory employment practices based upon an individual's "race, color, religion, sex, or national origin."  See 42 U.S.C. § 200e-2.  A plaintiff carries the initial burden of establishing a prima facie case.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Although the precise contours of a prima facie showing vary depending upon the circumstances at issue, every Title VII plaintiff must demonstrate, inter alia, that she suffered discrimination based upon her membership in a class protected under Title VII.  See, e.g., Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003); Bennun v. Rutgers State Univ., 941 F.2d 154, 171 (3d Cir. 1991).  Here, Patterson did not claim she suffered discrimination on the basis of a characteristic protected by Title VII.  See 42 U.S.C. § 200e-2.  Rather, she argued that she suffered discrimination on account of her cognitive disabilities.[7]

Construing her pro se pleadings liberally, the District Court considered whether Patterson raised a Title VII claim that she suffered retaliation because she accused her former supervisor of sexually harassing her.  To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action.  Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001).  Reporting

_____

[7] Although Patterson cites  repeatedly the portion of Title VII providing that it "prohibits discrimination because of . . . race," Patterson's does not claim to have suffered discrimination on account of her race.

8

sexual harassment qualifies as a protected employee activity for these purposes.  Id.

The District Court concluded that Patterson's claim of retaliation failed on the third prong, because she "provided no evidence, which would establish that her filing of the sexual harassment claim . . . caused the Union not to bring her final grievances to arbitration."  Indeed, as previously discussed, the record reflects that AFSCME was prohibited from pursuing her grievances to arbitration by the applicable grievance procedures.  Thus, the District Court did not err in granting summary judgment in favor of AFSCME on Patterson's Title VII retaliation claim.

Finally, Patterson argues that she was denied Due Process because the District Court did not permit her to present her case to a jury.  This claim lacks merit.  Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  The District Court properly determined that the record did not present a material dispute of fact requiring a trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1985).

### III.  Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.